# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID STEIN on behalf of himself and all others similarly situated, | ) ) ) | Civil No. 2:12-cv-00861-NBF |
| Plaintiffs, | ) ) | |
| v. | ) ) | ELECTRONICALLY FILED |
| THE BANK OF NEW YORK MELLON CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER TENTATIVELY APPROVING CLASS SETTLEMENT

The Parties, recognizing the uncertainty, expense, difficulties, and delays inherent in complex litigation, and having determined to settle their differences for the benefit of the Plaintiff, a proposed Settlement Class, and The Bank of New York Mellon Corporation ("BNY Mellon") as set forth in the Settlement Agreement dated April 25, 2013 (the "Settlement"), the original of which is filed of record, and the Parties having agreed upon a proposed form of notice to the Settlement Class (the "Notice"), a copy of which is attached as Exhibit 4 to the Settlement Agreement.

**NOW**, upon the consent of the parties, after consideration of the Settlement and the exhibits attached thereto and the record in these matters, and after due deliberation and good cause appearing therefore, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.      The Settlement is tentatively approved for the purpose of sending notice to Class Plaintiff and the proposed Settlement Class.

2.      A Collective Action pursuant to 29 U.S.C. § 216(b) and a Class Action pursuant to Fed. R. Civ. P. 23 are certified for purposes of settlement and for making the determinations to

Case 2:12-cv-00861-NBF   Document 29   Filed 04/26/13   Page 2 of 5

be made pursuant to this Order. The Settlement Class certified for the Collective Action and the Class Action is the class defined in the Settlement.

3.      The Court appoints Joseph H. Chivers and John Linkosky as Class Counsel ("Class Counsel").

4.      The proposed Settlement Agreement, as filed with the Court, is tentatively approved as fair, reasonable, and adequate, subject to a hearing for final approval.

5.      The proposed form of Notice attached as Exhibit 4 to the Settlement Agreement is hereby approved and the Court finds that said Notice satisfies the requirements of 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(c) and the requirements of due process. Class Counsel shall send said Notice by first-class mail, postage prepaid, within seven (7) days of the date of this Order, to the last known address of members of the Settlement Class.

6.      This Court hereby finds and concludes that the mailing pursuant to paragraph 5 above constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the matters set forth in the Notice to all persons entitled to such Notice, and satisfies the requirements of due process.

7.      A hearing (the "Settlement Hearing") shall be held before the undersigned at ___2:00 pm___ on _June 25___, 2013, in Courtroom 5B, United States District Court for the Western District of Pennsylvania, United States Courthouse & Post Office, Seventh and Grant Streets, Pittsburgh, PA 15219, for the purpose of determining whether the Settlement, as it relates to these actions, should be finally approved as fair, reasonable and

adequate, and whether final judgment should be entered on the Class Action that would be

certified pursuant to the Settlement.

By June 14 2013 at 5:00pm,

8.     ~~At least ten (10) days before the date fixed by this Court for the Settlement~~

~~Hearing,~~ Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or

declaration of the person(s) under whose general direction the mailing of the Notice under

paragraph 5 shall have been made, showing that such mailing has been made in accordance with

this Order.

9.     In the event any Class Member fails to submit timely notice of his/her intent to

"opt-in" to the Class for purposes of the FLSA collective action, or submits timely notice of

his/her intent to "opt-out" of the Settlement, or fails to execute a Release in a timely manner,

BNY Mellon shall have the right, in its sole discretion, to void this settlement agreement in its

entirety. Such right shall be exercised by written notice to Plaintiff's counsel for the purpose of

deciding on this election, Counsel for Plaintiff shall promptly report to the Company's counsel

within forty-eight (48) hours of Counsel for Plaintiff's receipt of any opt-out notice. Also for the

purpose of deciding on this election, Counsel for Plaintiff shall promptly report to the

Company's counsel of any Class Member's failure to "opt-in" to the FLSA collective action or

to execute a Release within twenty-four (24) hours of the last day to do so, as established in the

notice sent to the Class Member. Plaintiff's counsel's failure to satisfy these reporting

requirements so will provide grounds for Defendant to immediately terminate the Settlement.

10.     Any member of the Settlement Class may appear at the Settlement Hearing in

person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness

and adequacy of the proposed Settlement. However, unless the Court otherwise directs, no

3

Case 2:12-cv-00861-NBF   Document 29   Filed 04/26/13   Page 4 of 5

member of the Settlement Class shall be heard in support, opposition, or objection to the

proposed Settlement, and no paper or brief submitted by any such person shall be received or

considered by the Court, unless ~~at least ten (10) days prior to the date of the hearing~~, such
*by June 14, 2013 at 5:00pm*

member of the Class shall file with the Clerk of this Court a notice of his or her intention to

appear, a statement of the position he or she will assert, the reasons for his or her position, and all

papers he or she intends to present to the Court in support of his or her position, along with the

proof of service of such notice and papers upon the following:

> Joseph H. Chivers
> First & Market Building Suite 1010
> 100 First Avenue
> Pittsburgh, PA 15222-1514
>
> John R. Linkosky
> 715 Washington Avenue
> Carnegie, Pennsylvania 15106
>
> *Counsel for Plaintiff and Class*

> Catherine S. Ryan
> Beth M. Henke
> REED SMITH LLP
> 225 Fifth Avenue
> Pittsburgh, PA 15222
>
> *Counsel for Defendant*

11.     Unless the Court otherwise directs, no person shall be entitled to object to the

approval of the Settlement or the judgment to be entered herein, or otherwise be heard, except by

serving and filing his or her written objection, notice of his or her intention to appear, and

supporting papers and documents as described in paragraph 10. Any person who fails to object

in the manner prescribed in paragraph 10 shall be deemed to have waived his or her objections

and shall be forever barred from raising such objections in this proceeding.

12.     Pending final determination of whether the Settlement should be approved,

Plaintiff and members of the Settlement Class shall not commence or prosecute any action

asserting claims which have been or could have been asserted against BNY Mellon in this

matter.

Case 2:12-cv-00861   Document 29-1   Filed 04/26/13   Page 5 of 5

13.     If the Settlement (including any modification thereto, made with the consent of the parties as provided for in the Stipulation of Settlement) shall be approved by the Court following the Settlement Hearing, then Final Judgment and an Order of Dismissal shall be entered.

14.     If the Settlement is not approved by the Court or does not become effective for any reason whatsoever, the parties to this Action shall be deemed to have reverted to their respective status as of the time and date immediately before reaching settlement, without prejudice to any party as to any matter of law or fact, and they shall proceed in all respects as if the settlement had not been reached, the Settlement had not been submitted to the Court and any related Orders had not been entered.

15.     Counsel for all parties are hereby authorized to utilize procedures in connection with the Notice and the administration of the Settlement which are not materially inconsistent with this Order or the terms of the Settlement Agreement.

16.     The Court hereby reserves the right, without further notice (a) to approve the Settlement, with such modifications as may be agreed to by counsel for the parties to the Settlement Agreement consistent with such Settlement; (b) to adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or any adjournment thereof; and (c) to determine at the Settlement Hearing any matters as it may deem appropriate in addition to the matters set forth above.

_Nora Barry Fischer_
Nora Barry Fischer, Judge