UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID STEIN on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Civil No. 2:12-cv-00861-NBF ) ) |
| v. | ) ) ELECTRONICALLY FILED |
| THE BANK OF NEW YORK MELLON CORPORATION, | ) ) ) |
| Defendant. | ) ) |

ORDER OF FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

AND NOW, this 25th day of June, 2013, after full consideration of the parties' Joint Motion for Final Approval of the Settlement Agreement, and after a hearing on June 25, 2013, where there were no objections from putative class members, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Settlement Agreement, dated April 25, 2013 [*Document 27*] is fully and finally approved.

2. This action is certified as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Fed. R. Civ. P. 23 for purposes of settlement only.

3. The Settlement Class is defined as it is in the Settlement Agreement, to contain eight individuals who were employed on a full-time basis in Defendant's TSG File Transfer Set-Up Group in its Pittsburgh, Pennsylvania location at some time during the period June 24, 2009, through June 24, 2012.

4. The Court finds that the Settlement Agreement and its terms are a fair reasonable, and adequate settlement of this action, and directs that the consummation of the settlement shall be made pursuant to the terms of the Settlement Agreement.

5. All capitalized terms used below shall have the meaning set forth in the Settlement Agreement.

6. Subject to the terms and conditions set forth in the Settlement Agreement, Defendant is directed to distribute the Settlement Amount to eligible Class Members and Class Counsel within 30 days of the Effective Date.

7. If the Effective Date is not reached because the settlement is not approved or is terminated as per the terms of the Settlement Agreement, no payment will be due and owing to any Class Member or Class Counsel, and the parties will revert to their respective positions as if no settlement had been reached.

8. This action is dismissed in its entirety with prejudice, and in full and final discharge of any and all claims, known or unknown, of any Class Member.

9. Plaintiff and all Class Members are barred from instituting or participating in any individual, collective, or class action against Defendant relating to alleged misclassification and failure to pay overtime during the period of time covered by the Settlement Agreement.

10. The Court reserves jurisdiction over this action with respect to any further proceedings concerning the administration or consummation of the Settlement Agreement.

DATED: 6/25/13

_Nora Barry Fischer_
Nora Barry Fischer, Judge